T.C. Summary Opinion 2006-96


UNITED STATES TAX COURT


WILLIAM KING ALT AND BARBARA G. ALT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19964-04S.               Filed June 27, 2006.


William King and Barbara G. Alt, pro se.

Alisha M. Harper, for respondent.


COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, section references hereafter
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $970 in petitioners' Federal income tax for 2000.

The sole issue for decision is whether, under section 166(d), petitioners are entitled to a nonbusiness bad debt deduction for loans or advances to their son.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Lexington, Kentucky.

Petitioners' son, Michael Alt (Michael), while a student at the University of Kentucky at Lexington, Kentucky, was employed part time at a pet store. He continued to work in the business and, at some point, became manager of the store. The business was locally owned. Sometime in 1995, the owner decided to sell the business. Since Michael had worked in the business for several years and was intimately acquainted with its customers and its merchandise, he became interested in purchasing the business. With substantial financial assistance from petitioners, Michael purchased the business. The financial assistance provided by petitioners was $97,000. Of that amount, $55,000 was for purchase of the business, and $42,000 was for working capital. Petitioners were both retired and, in order to obtain the $55,000, borrowed $55,000 from a local bank and

mortgaged their home as security for the loan.  The $42,000 came from petitioners' savings.

Shortly after Michael purchased the business, serious competition arose in the pet store business.  A new Wal-Mart store opened in Lexington, Kentucky, and competed directly with Michael's business.  Then another large pet store opened.  By 1999 or 2000, Michael became insolvent, and it became clear that Michael's independently owned smaller store could not survive. The store was closed, and Michael filed for bankruptcy under Chapter 7 of the Bankruptcy Code.  Michael's indebtedness to petitioners was unpaid, except for a few monthly payments he made to the bank in the earlier years prior to his insolvency. Petitioners filed a proof of claim in the bankruptcy proceeding; however, there were no assets that were available to unsecured creditors (including petitioners).

With respect to the $97,000 in financing that petitioners provided to Michael, $55,000, as noted above, came from a loan petitioners received from their local bank, which Michael agreed to pay.  When Michael defaulted on the loan, petitioners were required to pay.  The Court is satisfied from the record that, at the time Michael purchased the store, petitioners fully expected that the $55,000 of indebtedness to the bank was an indebtedness that Michael was liable for.  At the time of the purchase, petitioners consulted an attorney, and, based on that attorney's

advice, Michael executed in favor of petitioners an unsecured promissory note in the amount of $55,000.

As to the $42,000 petitioners provided Michael for working capital, no such note was executed by Michael. At trial, petitioners explicitly testified that they really never expected to collect the $42,000, which came from their savings, but that they expected repayment of the $55,000.

On their Federal income tax return for 2000, petitioners claimed a business bad debt deduction of $55,000. In 2003, petitioners filed an amended income tax return to reflect the $55,000 as a nonbusiness bad debt.[2]

In the notice of deficiency, respondent disallowed the nonbusiness bad debt deduction on the ground that there was no valid debtor/creditor relationship between petitioners and Michael.

The Court disagrees with that determination. Section 166(d)(1) provides, with respect to a taxpayer other than a corporation, that, where a nonbusiness bad debt becomes wholly worthless within the taxable year, the loss shall be considered a

---

[2]Even though Michael made a few payments to the bank on the $55,000 note, no evidence was offered at trial as to whether any of those payments were applied to the principal of the note. The Court assumes that the entire principal amount of $55,000 was owing at the time petitioners filed their 2000 income tax return, since the actual amount of the indebtedness was not made an issue.

loss from the sale or exchange of a capital asset held for not more than one year. Sec. 1.166-5(a)(2), Income Tax Regs. To qualify for a worthless debt deduction, the taxpayer must show that a debtor-creditor relationship was intended between the taxpayer and the debtor, that a genuine debt in fact existed, and that the debt became worthless within the taxable year. Andrew v. Commissioner, 54 T.C. 239, 244-245 (1970); sec. 1.166-1(c), Income Tax Regs. Petitioners bear the burden of proof. Rule 142(a).[3]

Transactions among family members are subject to careful scrutiny. Caligiuri v. Commissioner, 549 F.2d 1155, 1157 (8th Cir. 1977), affg. T.C. Memo. 1975-319; Estate of Van Anda v. Commissioner, 12 T.C. 1158, 1162 (1949), affd. per curiam 192 F.2d 391 (2d Cir. 1951). The taxpayer must show that there existed at the time of the transaction an intent to enforce collection of the indebtedness. Andrew v. Commissioner, supra at 245. Additionally, the taxpayer must show that the loan was made with a reasonable expectation of repayment. Mercil v. Commissioner, 24 T.C. 1150 (1955). The execution of a note does not necessarily establish the existence of a bona fide debt. Estate of Van Anda v. Commissioner, supra at 1162.

---

[3]Sec. 7491(a), which in some circumstances places the burden of production on respondent, is not applicable here as the Court decides the case without regard to the burden of proof.

The Court is satisfied that a genuine debtor/creditor relationship existed in this case between petitioners and their son, Michael. That conclusion is fortified by petitioners' concurrent advance to Michael of $42,000, and their candid testimony at trial that they never expected repayment of that amount but fully expected repayment of the $55,000. They followed the advice of their attorney to have the $55,000 advance documented by execution of a promissory note by their son. The evidence does not support respondent's contention that the $55,000 note did not constitute a valid debt simply because the note did not provide a repayment schedule, had no maturity date, and no default provisions. The Court construes the note as a valid, legal, enforceable obligation that was due on demand. The Court further concludes that there was a debtor/creditor relationship between petitioners and Michael. Accordingly, petitioners are entitled to a nonbusiness bad debt deduction pursuant to section 166(d).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for petitioners.</u>